**AFFIRM; and Opinion Filed February 28, 2024**



**In The**
## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-22-00834-CV

**VANESSA TREVISO, Appellant**
**V.**
**DISCOVER BANK, Appellee**

**On Appeal from the 134th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-20-17584**

## MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Smith
Opinion by Justice Smith

Appellant Vanessa Treviso appeals from a judgment in favor of appellee Discover Bank, which brought this suit to collect a credit card debt. In five issues, Treviso raises complaints regarding the trial court's failure to apply what she claims is biblical law and the sufficiency of the evidence on damages. We affirm.

## Background

Discover Bank issued a credit account to Treviso, which she used to purchase goods and services subject to a cardmember agreement. She agreed to the terms of the agreement by using the account, and the agreement required her to pay for all amounts due on her account. She failed to pay the amounts due, and Discover Card

brought this suit, asserting a breach of contract claim for the unpaid balance of $10,358.08.

Treviso, as she does in this appeal, represented herself pro se in the trial court. On August 16, 2021, the trial court held a bench trial, but did not enter judgment after the parties indicated that they would attempt to settle the matter. No settlement was reached, and the trial court conducted a second bench trial on July 20, 2022. The trial court heard the testimony of Brandon Ferguson, a Discover Bank vendor analyst and custodian of records, and Treviso. Thereafter, the trial court signed a judgment awarding Discover Bank $10,358.08 in damages, $378.17 in costs, and postjudgment interest. This appeal followed.

## Applicable Law

Treviso contends that the trial court erred by not applying what she asserts is God's law to Discover Bank's breach of contract claim. Relying on Deuteronomy 15, Treviso urges the Court to conclude that her debt should be released. *See* Deuteronomy 15:1–2 (New King James) ("At the end of every seven years you shall grant a release of debts. And this is the form of the release: Every creditor who has lent anything to his neighbor shall release it; he shall not require it of his neighbor or his brother, because it is called the LORD's release."). We decline to do so and conclude that the trial court properly applied Texas law to the breach of contract claim against her. Accordingly, we overrule Treviso's first, second, fourth, and fifth

–2–

issues and the portion of her third issue asserting that the trial court erred in interpreting and applying the law.

## Sufficiency of the Evidence

In her third issue, Treviso also complains that the trial court erred in awarding damages to Discover Bank. Specifically, Treviso asserts that the trial court relied on "an incomplete, misleading set of billing statements that do not demonstrate how the balance was arrived at" and constitute an "insufficient amount of consecutive billing statements [that] mask[ed] the Bank's earnings on the . . . account." We construe Treviso's issue and argument to challenge the sufficiency of the evidence supporting the trial court's judgment.

When, as in this case, findings of fact and conclusions of law were not requested or issued after a bench trial, all findings necessary to support the judgment are implied. *Shields Ltd. P'ship v. Bradberry*, 526 S.W.3d 471, 480 (Tex. 2017). If a reporter's record is filed, as in this case, the implied findings are not conclusive and may be challenged for legal and factual sufficiency in the same manner as express findings by a judge or jury. *See id.*; *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002).

When considering legal sufficiency, we credit evidence that supports the verdict if a reasonable factfinder could have done so and disregard contrary evidence unless a reasonable factfinder could not have done so. *Bradberry*, 526 S.W.3d 471, 480. When an appellant challenges the legal sufficiency of an adverse finding on

which she did not have the burden of proof at trial, she must demonstrate that there is no evidence to support the adverse finding. *Sheetz v. Slaughter*, 503 S.W.3d 495, 502 (Tex. App.—Dallas 2016, no pet.). If more than a scintilla of evidence exists to support the finding, the legal sufficiency challenge fails. *Id.*

In a factual sufficiency review, we consider and weigh all the evidence, both supporting and contradicting the finding. *R.J. Suarez Enters. Inc. v. PNYX L.P.*, 380 S.W.3d 238, 245 (Tex. App.—Dallas 2012, no pet.). When a party attacks the factual sufficiency of the evidence pertaining to a finding on which she did not have the burden of proof, we may set aside the finding only if, after considering all the evidence, it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986) (per curiam); *Texas Champps Americana, Inc. v. Comerica Bank*, 643 S.W.3d 738, 744 (Tex. App.—Dallas 2022, pet. denied). Under either standard, the factfinder is the sole judge of the witnesses' credibility and the weight to be given to their testimony. *N. E. Indep. Sch. Dist. v. Riou*, 598 S.W.3d 243, 255 n.50 (Tex. 2020).

To recover on its breach of contract claim, Discover Card was required to prove, among other things, that it sustained damages as a result of Treviso's breach of the cardmember agreement. *See USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 501 n.21 (Tex. 2018); *Orix Cap. Mkts., L.L.C. v. Wash. Mut. Bank*, 260 S.W.3d 620, 623 (Tex. App.—Dallas 2008, no pet.). At trial, Ferguson authenticated the cardmember agreement and copies of account statements issued to Treviso. The

documents, including the last statement issued to Treviso, which reflected that she owed a balance of $10,358.08, were admitted into evidence without objection. Ferguson testified that Discover Bank had not received any payment since the last statement issued. Treviso testified that she was "not able to continue making the large sum payments of the high interest and fees that [Discover Bank] was charging" on the account. The trial court's judgment in favor of Discover Bank awarded it the $10,358.08 it sought as damages.

An authenticated account statement submitted by a bank showing the balance owed proves the amount of damages in a claim for breach of contract. *See Matkin v. Am. Express Centurion Bank*, No. 05-17-01438-CV, 2018 WL 5816744, at *2 (Tex. App.—Dallas Nov. 7, 2018, no pet.) (mem. op); *Goins v. Discover Bank*, No. 02-20-00128-CV, 2021 WL 1136077, at *8 (Tex. App.—Fort Worth Mar. 25, 2021, pet. denied) (mem. op. on reh'g); *Ghia v. Am. Express Travel Related Servs.*, No. 14-06-00653-CV, 2007 WL 2990295, at *3 (Tex. App.—Houston [14th Dist.] Oct. 11, 2007, no pet.) (mem. op.). Here, the account statement showing the balance Treviso owed on the account, along with Ferguson's testimony, established the amount of Discover Bank's damages for her breach of the cardmember agreement. Discover Bank was not required to introduce evidence of each billing statement it issued to Treviso or identify its earnings on the account. *See, e.g.*, *Matkin*, 2018 WL 5816744, at *2 (authenticated statement showing balance owed on defendant's credit card was sufficient evidence of the amount of the debt; itemized statement was not

required).  Accordingly, there is more than a scintilla of evidence to support the trial court's implied finding that Discover Bank sustained damages in the amount of $10,358.08.  We further conclude that the finding is not so contrary to the overwhelming weight of the evidence as to be clearly wrong and manifestly unjust. Accordingly, we overrule that portion of Treviso's third issue challenging the evidence supporting the damages award.

## Conclusion

Having overruled each of Treviso's issues, we affirm the trial court's judgment.

/Craig Smith/
CRAIG SMITH
JUSTICE

220834F.P05



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

VANESSA TREVISO, Appellant

No. 05-22-00834-CV     V.

DISCOVER BANK, Appellee

On Appeal from the 134th Judicial District Court, Dallas County, Texas Trial Court Cause No. DC-20-17584. Opinion delivered by Justice Smith. Justices Molberg and Reichek participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 28th day of February 2024.